**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4527

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEMICHAEL J. PEEPLES, a/k/a Breezo,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Arenda L. Wright Allen, Senior District Judge. (4:21-cr-00066-AWA-LRL-1)

Submitted: July 23, 2026                              Decided: July 27, 2026

Before WYNN and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Assistant Federal Public Defender, Andrew W. Grindrod, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Todd W. Blanche, Deputy Attorney General, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; D. Mack Coleman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demichael J. Peeples appeals the sentence imposed after the district court revoked Peeples' supervised release. The district court sentenced Peeples to six months in prison, to be followed by a three-year term of supervised release, "minus six months, which shall include the same conditions as [Peeples'] previous period of supervised release." *United States v. Peeples*, No. 4:21-cr-00066-AWA-LRL-1 (E.D. Va., PACER No. 75 at 3). The district court also added two new discretionary release conditions, including "6 months of home confinement." *Peeples*, PACER No. 87 at 44. Relying on this court's decision in *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), Peeples asserts that the district court reversibly erred when it later included in the written criminal judgment home confinement conditions that it did not mention at sentencing. The Government concedes. We agree with the parties and therefore vacate and remand for resentencing.

Rule 43(a)(3) of the Federal Rules of Criminal Procedure requires a criminal defendant to be present at sentencing. "[B]ecause a defendant has a right to be present when he is sentenced, a district court must orally pronounce all non-mandatory conditions of supervised release at the sentencing hearing." *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021) (citing to *Rogers*, 961 F.3d at 296-99). This requirement "is not a meaningless formality." *Id.* at 346 (internal quotation marks omitted). It is "a critical part of the defendant's right to be present at sentencing" because the defendant can only have an opportunity to object to a discretionary condition of supervised release if she or he is present when the condition is imposed. *Id.* (internal quotation marks omitted).

2

Thus, a district court errs when it fails to pronounce orally at sentencing all discretionary supervised release conditions subsequently imposed in the written judgment. *Rogers*, 961 F.3d at 300. A *Rogers* error also occurs when there is "a material discrepancy between a discretionary condition as pronounced and as detailed in a written judgment." *United States v. Mathis*, 103 F.4th 193, 197 (4th Cir. 2024) (internal quotation marks omitted). For a material discrepancy constituting a *Rogers-Singletary* error, there is "only one option—vacate and remand for a full resentencing." *Id.* at 199-200.

Here, both parties agree that there is a material discrepancy between the district court's oral pronouncement of Peeples' discretionary conditions of supervised release at sentencing and in the written judgment. During Peeples' sentencing, the district court orally pronounced as a discretionary condition of supervised release that Peeples must be placed on home confinement. This condition is listed in the written judgment, but the judgment also requires that "location monitoring technology [is] to be used . . . at the discretion of the supervising officer," and that Peeples must "pay all or part of the costs of participation in the location monitoring program as directed by the court and the supervising officer." *Peeples*, PACER No. 75 at 3. Because the district court did not orally pronounce these additional conditions at sentencing, we conclude that the court's omissions constitute error under *Rogers* and *Singletary* that warrants resentencing.

Indeed, the discrepancy between the supervised release conditions as orally pronounced and those listed in the written judgment in this case is similar to that examined in *Mathis*. In that case, the district court orally imposed a warrantless search requirement on a defendant at the sentencing hearing and then added an additional requirement in the

3

written judgment that the defendant also "warn other occupants that the premises may be subject to searches[.]" *Mathis*, 103 F.4th at 198.  On appeal, this court concluded that the added warning requirement was "inconsistent with the oral pronouncement and constitutes reversible error."  *Id.*  Bound by *Rogers* and *Singletary*, we recognized that the court's "only . . . option" was to "vacate and remand for a full resentencing."  *Id.* at 200.  Our precedents mandate the same outcome here.  *See United States v. Kemp*, 88 F.4th 539, 547 (4th Cir. 2023) ("[D]efendants who succeed on *Rogers* claims are entitled to a full vacatur of their sentences and remand for resentencing if they so request." (internal quotation marks omitted)).

For the reasons stated, we vacate Peeples' sentence and remand the case to the district court for resentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*